**D'AQUINO v. UNITED STATES.**
No. 12383.

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 1950.

Wayne M. Collins, George Olshausen and Theodore Tamba, San Francisco, Cal., for appellant.

Frank J. Hennessy, U.S. Atty., San Francisco, Cal., Tom DeWolfe and James W. Knapp, Sp. Assts. to Atty. Gen., for appellee.

DOUGLAS, Circuit Justice.

Appellant was convicted of treason and sentenced to imprisonment for a term of 10 years and fined $10,000. Her motion to the District Court to be released on bail pending appeal was denied. On filing her notice of appeal she applied to the Court of Appeals for bail pending appeal. After a hearing before Circuit Judges Healy, Bone, and Pope, bail was denied by the court without opinion. Application is now made to me as Circuit Justice for the same relief.

The Circuit Justice has the power to allow bail pending appeal under Rule 46(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides: "Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. Bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice."

The fact that the Court of Appeals has previously denied an application for bail is a circumstance which makes a Circuit Justice hesitate to act, as Mr. Black suggested in the unreported opinion of Simon v. Unit-

ed States.[1] In that case he sat as Circuit Justice for the Fourth Circuit. Even though that Court of Appeals had denied bail, he granted it after considering the merits of the appeal. That decision was made in 1941 under the earlier rules. The new rules of Criminal Procedure likewise preserve the power of the Circuit Justice to act even where the Court of Appeals has denied the relief. But under the new rules, as under the old, great deference is owing the adverse action of the Court of Appeals.

Accordingly I have examined the record in the case during the last few weeks. On the basis of my study of it and of the briefs submitted by appellant and by appellee, I have concluded that appellant is entitled to bail.

 The question of the guilt or innocence of an appellant is not an issue on application for bail. It has long been a principle of federal law that bail after conviction and pending appeal is a remedy normally available to a prisoner. See Hudson v. Parker, 156 U.S. 277, 285, 15 S.Ct. 450, 39 L.Ed. 424. The existence of power to grant bail is, indeed, essential for the protection of the right to appeal. Otherwise a short sentence might be served before the appellate court could set aside the judgment of conviction for infirmities in the trial. An effective right to appeal would then be lost.

 The matter has best been summarized by Mr. Justice Butler sitting as Circuit Justice for the Seventh Circuit in United States v. Motlow, 10 F.2d 657, 662. He wrote, "Abhorrence, however great, of persistent and menacing crime will not excuse transgression in the courts of the legal rights of the worst offenders. The granting or withholding of bail is not a matter of mere grace or favor. If these writs of error were taken merely for delay, bail should be refused; but, if taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, then petitioners should be admitted to bail." That test has been incorporated in Rule 46(a) (2) of the Federal Rules of Criminal Procedure, set out above. The question is whether "the case involves a substantial question which should be determined by the appellate court." The question may be "substantial" even though the judge or justice hearing the application for bail would affirm on the merits of the appeal. The question may be new and novel. It may present unique facts not plainly covered by the controlling precedents. It may involve important questions concerning the scope and meaning of decisions of the Supreme Court. The application of well-settled principles to the facts of the instant case may raise issues that are fairly debatable. An appellant, though guilty beyond question, may have been denied the kind of a trial that even a traitor to our country is entitled to under the Constitution and laws. Those are situations where bail pending appeal should be granted.

 This appeal is plainly not frivolous. Responsible and conscientious counsel pose some problems that on this record are not free of doubt. Thus there is the question of the applicability of the principles of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, to confessions obtained during or immediately following a prolonged confinement of the accused by the military authorities. I do not suggest that there has been an infraction of those principles in this case. I merely conclude that the question whether or not there has been is fairly debatable (i.e. substantial) and should be resolved after full hearing on the record. The same is also true of a few other questions.

Application for bail will be granted subject to provisions safeguarding the interests of the United States against dilatory tactics.

1. No opinion for publication.