**UNITED STATES of America, Plaintiff,**

v.

**Joseph R. PRICE, Defendant.**

**No. 83–799–Cr–Spellman.**

United States District Court,
S.D. Florida,
Miami Division.

May 31, 1985.

Helen Forsyth, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Michael Pasano, John Evans, Miami, Fla., for defendant.

**CORRECTED MEMORANDUM OPIN-ION AND ORDER GRANTING BOND PENDING APPEAL**

SPELLMAN, District Judge.

The Defendant, Joseph Robert Price, a United States Customs Agent, was indicted on September 29, 1983, on charges of possession with intent to distribute hashish oil (counts 1 and 3), distribution of hashish oil (counts 2 and 4), using a communication facility to violate the narcotics laws (count 6), and theft of government property (count 5). A jury found Price guilty of counts 1, 2, 3, 4, and 6. Price was acquitted on count 5.

On May 2, 1985, this Court sentenced Price to a total term of imprisonment of ten (10) years, a five (5) year special parole term, and a fine of $1,700.00. The Defendant was also immediately remanded to the custody of the Attorney General.

The Defendant, however, on May 2, 1985, filed a motion with this Court requesting that he be permitted to remain on bond pending the appeal of his convictions. A hearing was held on May 16, 1985 and on May 21, 1985 the Defendant supplemented his motion. For the following reasons, the Defendant's motion for bond pending appeal is granted.

I

The Bail Reform Act of 1984, 18 U.S.C. § 3143, which controls the issue of bond pending appeal, provides in pertinent part:

> (b) Release or detention pending appeal by the defendant.

---

The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of sections 3142(b) or (c).

In the present case, this Court already concluded at the May 16, 1985 hearing that the Defendant was not likely to flee and did not pose a danger to either himself or the community. These findings are borne out by the fact that the Defendant was released on bond over the course of the proceedings in this matter (a period of several years), was permitted to leave the jurisdiction, and yet appeared at every scheduled court date and the sentencing. These findings are also supported by the psychiatric reports filed by Dr. Charles Mutter and Dr. Arthur Stillman. After recently examining the Defendant at the Metropolitan Correctional Center, Dr. Mutter and Dr. Stillman concluded that the Defendant was not likely to flee and was not a danger to himself or the community. Thus, the only question this Court need now consider[1] is whether the Defendant's appeal of his convictions will raise a "substantial question" that if decided favorably to the defense will "result in reversal or an order for a new trial."[2]

## II

As this Court recently noted in *United States v. Hicks*, 611 F.Supp. 497 (S.D.Fla. 1985) (Memorandum Opinion and Order Granting Bond Pending Appeal), "[t]he construction of the words 'substantial question'

---

1. As this Court noted in *United States v. Hicks*, 611 F.Supp. 497 (S.D.Fla.1985) (Memorandum Opinion and Order Granting Bond Pending Appeal at page 10, note 1), it is not attempting to separately analyze whether the Defendant is pursuing the appeal of his conviction "for the purposes of delay." This Court concluded: "Because this Court finds that a substantial question is present here, the Court will assume that the defendant is pursuing the appeal not for delay but in order to obtain a reversal of h[is] conviction."

2. At the hearing on May 16, 1985, this Court ruled that the Defendant's other appellate issues are not "substantial" within the meaning of the Bail Reform Act of 1984. Specifically, this Court found that Defendant's claimed *Massiah* violation was not a "substantial question" because "no information obtained as a result of [the government's post-indictment] investigation ever guided the government in planning its trial strategy." *See* Order Denying Motion and Amended Motion for Judgment of Acquittal or for a New Trial, May 2, 1985, at page 6. The government's conduct, at all times, was proper and indeed laudable. *See id.* at 6–7.

This Court also decided that Defendant's alleged *Brady* violation was not "substantial" in that the Defendant here was "aware of the essential facts enabling him to take advantage of any exculpatory evidence." *See id.* at 2.

The Defendant, however, relies on *United States v. Franklin*, 714 F.2d 157 (11th Cir.1983), a case he represented to be "directly on point." *Id.* at 4. This Court does not agree with the Defendant's assessment of *Franklin*. The significance of *Franklin*, as this Court explained in open court on May 2, 1985, was that in that case there was no evidence that Franklin knew that the tapes of the exculpatory conversation existed. The Eleventh Circuit noted that "[i]t is the existence of those tapes that has the greatest trial value." Here, there are no tapes of the allegedly exculpatory conversations had between the confidential informant, Eugene Schneider, and the Defendant, only tapes that refer to these allegedly exculpatory conversations. And, besides, these tapes were given to the Defendant before trial. Thus, even if the tapes in this case could be considered to be as significant as the tapes in *Franklin*, here unlike the Defendant in *Franklin*, the Defendant not only knew of the allegedly exculpatory conversations but knew of the tapes that referred to the allegedly exculpatory conversations and, indeed, had the tapes in his possession before trial.

The claimed *Brady* violation cannot be considered a "substantial question."

is itself a substantial question." *Id.* at 499 (quoting Justice Douglas in *Herzog v. United States,* 75 S.Ct. 349, 350, 99 L.Ed.2d 1299 (1955)). Justice Douglas recognized that the phrase "substantial question" "obviously does not mean a decision on the merits." 75 S.Ct. at 350. Indeed, Justice Douglas analogized the bail standard[3] to the standard used by the United States Supreme Court in determining whether a petition for certiorari should be granted. Because "further study of the problem" would normally follow, the Court deciding whether to grant or deny a petition for certiorari—or, by analogy, this Court deciding whether to grant or deny bond pending appeal—does not make that decision by reaching the full merits of the issues for which review is sought. *See id.*

Still, this Court must look into the nature of the appeal to determine whether or not a "substantial question" is presented. According to Justice Douglas, "[i]t is not enough that I am unimpressed" with the argument. *Id.* at 351. In *D'Aquino v. United States,* 180 F.2d 271 (9th Cir.1950), Justice Douglas equated the phrase "substantial question" to the phrase "fairly debatable." *Id.* at 272. The inquiry focuses on whether "[r]esponsible and conscientious counsel pose some problems that on this record are not free from doubt." *Id.*

Courts have articulated similar definitions of the "substantial question" standard under the Bail Reform Act of 1984. *See, e.g., United States v. Giancola,* 754 F.2d 898 (11th Cir.1985) (per curiam); *United States v. Handy,* 753 F.2d 1487 (3d Cir.1985); *United States v. Miller,* 761 F.2d 1279 (9th Cir.1985) (per curiam); *United States v. Hicks,* 611 F.Supp. 497 (S.D. Fla.1985) (Memorandum Opinion and Order Granting Bond Pending Appeal). *But see United States v. Powell,* 761 F.2d 1227 (8th Cir.1985) (*en banc*).[4]

---

3. Justice Douglas was interpreting former Rule 46(a)(2) of the Federal Rules of Criminal Procedure. Rule 46(a)(2) also required a finding that an appeal raised a "substantial question" before bond was permitted.

4. The Eighth Circuit, sitting *en banc,* has recently taken a more stringent view of what can be considered a "substantial question" under the Bail Reform Act of 1984. *See United States v. Powell,* 761 F.2d 1227 (8th Cir.1985) (*en banc*). The Eighth Circuit explicitly rejected the definition of "substantial question" articulated by the Third Circuit in *Miller* and the Ninth Circuit's definition in *Handy. Miller* defined a substantial question as a "significant question at issue ... which is either novel, which has not been decided by controlling precedent or which is fairly doubtful." 753 F.2d at 23. *Handy* defined a substantial question as one that is "fairly debatable." 753 F.2d at 1490. The Eighth Circuit found that the *Miller* and *Handy* formulations "would not work much of a change in prior law." At 1232. Relying upon language in *Giancola,* the Eighth Circuit defined a "substantial question" as a "close question or one that very well could be decided the other way." *Id.* at 1231. (quoting *Giancola,* 754 F.2d at 901).

This Court, however, is of the opinion that the Eighth Circuit has read *Giancola* too narrowly. *Giancola* did not reject the definition of "substantial question" articulated by the *Miller* court. In fact, the Eleventh Circuit expressly "adopt[ed] the Third Circuit's interpretation [of the Bail Reform Act of 1984]", 754 F.2d at 901, finding that "the Third Circuit's interpretation effectuates congressional intent." *Id.* at 900. The Eleventh Circuit's only qualification of *Miller's* definition was its "observation" that the lack of controlling precedent does not necessarily mean that the question is substantial. *Id.* at 901. According to the Eleventh Circuit, "an issue may be without controlling precedent largely because the issue is so patently without merit that it has not been found necessary for it to be resolved.... Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits." *Id.* This cannot, in this Court's view, be considered an implicit rejection of *Miller.* Instead, this Court finds that the Eleventh Circuit's conclusion that a "substantial question" is one that "very well could be decided the other way," *id.,* merely underscores its previous finding that the appellate issue have "more substance than would be necessary to a finding that it was not frivolous." *Id.*

Additionally, this Court believes that the Eighth Circuit was inaccurate in its criticism of *Handy's* definition of "substantial question." According to the Eighth Circuit, the Ninth Circuit in *Handy* relied on authorities that "reflect the previous view ... that bail is the rule rather than the exception, to be granted whenever a nonfrivolous question is raised." At 1232. The Eighth Circuit is incorrect.

In *Giancola,* the Eleventh Circuit noted that a substantial question was " 'one which ·is either novel, ... has not been decided by controlling precedent, or ... is fairly doubtful.' " 754 F.2d at 900 (quoting *United States v. Miller,* 753 F.2d at 23). The Eleventh Circuit found that a "substantial question" must be "of more substance than would be necessary to a finding that it was not frivolous." 754 F.2d at 901. A substantial question is "one that very well could be decided the other way." *Id.* "Further," the Eleventh Circuit "observ[ed]," "there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." *Id.* (footnote omitted).

While this Court firmly believes that it was correct in its rulings and that the Defendant received a fair trial, it recognizes that the alleged constitutional violations must be considered "substantial" within the meaning of the Bail Reform Act. This Court also recognizes that the "substantial question" is critical enough to the Defendant's conviction that a contrary appellate ruling would warrant a reversal. *See id.* at 900. The Defendant should therefore be permitted to remain on bond pending the eleventh circuit's resolution of the appeal.

### III

The Defendant's primary appellate argument concerns the sixth amendment right to confront witnesses for the prosecution and the fifth and sixth amendment right to present a defense. This Court, over Defendant's objection, admitted into evidence tape recordings of the Defendant and Jimmy Carbone, an informant who died prior to trial. The government's case was based on a literal interpretation of the tapes: Carbone taped the Defendant, a corrupt Customs agent, attempting to sell drugs. Therefore the Court reasoned that Carbone's statements on the tapes were not hearsay since such statements were not being offered for the truth of the matter asserted.

Defendant, on the other hand, argued that he posed as a corrupt Customs agent as part of a reverse sting operation. According to the Defendant, "[i]t was necessary to adopt this pose with Carbone, because although Carbone had served as an informant and was being utilized in the reverse sting, Carbone was, in fact, double dealing." *Id.* at 3–4.

The Defendant attempted to bolster his interpretation of the tapes both through cross-examination of Detective Phillip Paschal and by presentation of his own witnesses who knew and had dealt with Jimmy Carbone in the past. The Defendant now claims that "[this evidence] would have supported the defendant's otherwise essentially uncorroborated testimony that Carbone was unreliable." *Id.* at 5.

In defining a "substantial question" as one that is "fairly debatable," *Handy* was guided by cases interpreting the "substantial question" requirement of former Rule 46(a)(2) of the Federal Rules of Criminal Procedure. *See* 753 F.2d at 1489–90 (citing *Herzog v. United States,* 75 S.Ct. 349, 99 L.Ed. 1299 (1955) and *D'Aquino v. United States,* 180 F.2d 271 (9th Cir.1950). This Court was similarly aided by these cases. The United States Supreme Court, however, in 1956, believed the standard under Rule 46(a)(2) to be too stringent and thus amended the rule. The amended rule "greatly liberalized" the requirements for bond pending appeal. *Ward v. United States,* 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25 (1956) (Frankfurter, Circuit Justice). While the former rule required the defendant to establish that his appeal raised a "substantial question," the amended rule permitted bond unless the government demonstrated "that the appeal is frivolous or taken for delay." *Id.* at 1064 (citation omitted). As Justice Frankfurter explained, "[the non-frivolous standard] expresse[d] a general attitude ... that inasmuch as an appeal from a conviction is a matter of right, the risk of incarceration for a conviction that may be upset on appeal is normally to be guarded against by allowing bail unless the appeal is so baseless as to deserve to be condemned as 'frivolous' or is sought as a device for delay." *Id.* It was this standard—release if appeal is not "baseless" or "frivolous"—that was modified by the Bail Reform Act of 1984, which reimposed the "substantial question" requirement.

Thus, *Handy* did not rely on authorities reflecting the view that "bail is the rule rather than the exception, to be granted whenever a nonfrivolous question is raised." At 1232. *Handy* looked to cases defining "substantial

The Defendant argues that his fifth and sixth amendment rights were violated when this Court "precluded" trial counsel "from cross-examining government witnesses and presenting evidence about Jimmy Carbone's history of crime, drugs and double-dealing." *See* Defendant's Supplement to Motion for Release Pending Appeal at page 1. "This evidence," according to the defense, "would have corroborated the defendant's testimony that he was engaged in a 'reverse sting' operation and would have supported defendant's claim that the statements which the defendant made to Carbone and the manner in which the defendant dealt with Carbone were reasonable." *Id.*

This Court ruled the evidence inadmissible based upon what it still believes to be a correct interpretation of the Federal Rules of Evidence. This Court does recognize, however, that in certain instances defense testimony or evidence should be admitted even though the testimony or evidence is otherwise inadmissible. *See Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967) (recognizing the "right to present a defense, the right to present the defendant's version of the facts"); *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973) (holding that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hear-

say rule may not be applied mechanistically to defeat the ends of justice"); *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984) (holding that where the sole defense was insanity, excluded testimony was material as a "crucial, critical [and] highly significant factor").

While this Court is of the opinion that it was correct in ruling the evidence and testimony inadmissible in that the facts of this case do not approach those in *Chambers, Washington,* or *Boykins,* this Court must acknowledge that the issue presented is "fairly doubtful." *Giancola,* 754 F.2d at 900 (citing *Miller,* 753 F.2d at 23). The appeal will raise a "substantial question" within the meaning of the Bail Reform Act of 1984. Accordingly, Defendant's motion for bond pending appeal is granted [5] in the amount of $150,000.00 personal surety bond collateralized by the same real property heretofore pledged by the Defendant's family[6] *and* a corporate surety bond in the amount of $25,000.00.

DONE AND ORDERED in Chambers, at Miami, Florida this 31 day of May, 1985.[7]

---

question"—a requirement reimposed by the Bail Reform Act of 1984.

**5.** The government contends that bond pending appeal should be denied because more than a year has elapsed since the Defendant's conviction. According to the government, the Defendant should now begin serving his sentence. While this Court agrees that the delay is unfortunate, such delay has become unavoidable because of the heavy caseload in the Southern District of Florida. In any event, the delay cannot be considered in determining whether the Defendant should be granted bond pending appeal. Section 3143(b) of the Bail Reform Act of 1984 states that the court *"shall* order the release" of the defendant if the necessary findings are made. (Emphasis added.) Thus, contrary to the government's position, the granting of bond is not "discretion[ary]." *See* Government's Response in Opposition to Defendant's Motion to Release pending Appeal page 2. Be-

cause this Court has made the necessary findings, the Defendant is entitled to bond pending appeal.

**6.** The original personal surety bond filed with this Court and the mortgages collateralizing that bond may be used in response to this Memorandum Opinion and Order. This may be accomplished by the Defendant and the respective co-sureties/mortgagors appearing before the United States Magistrate and reaffirming under oath their respective intents that the same are to be considered in full force and effect for the Defendant's release pending appeal.

**7.** The effective date and time of this Memorandum Opinion and Order is stayed until 12 noon on June 5, 1985 to allow the government, if it so desires, to seek any additional stay of this Memorandum Opinion and Order and a review in the United States Court of Appeals for the Eleventh Circuit.