**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Joseph R. PRICE, Defendant-Appellant.**

**In re Joseph R. PRICE, Petitioner,**

**Nos. 85–5392, 85–5697.**

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 1985.

Helen Forsyth, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, HENDERSON and HATCHETT, Circuit Judges.

BY THE COURT:

In connection with his attempt to be released on bail pending appeal from his narcotics convictions, defendant Joseph R. Price has filed in this Court a "Motion for Release Pending Appeal or, in the Alternative, Petition for a Writ of Habeas Corpus or, in the Alternative, Petition for Writ of Mandamus and Incorporated Memorandum of Law." We deny relief on the ground that the motion and petitions are premature, without prejudice to the defendant to raise the issues argued therein after the district court has set bail.

On May 31, 1985, 611 F.Supp. 502, Judge Spellman entered an order granting bail on appeal, expressly finding that defendant was not likely to flee, did not pose a danger to either himself or the community, and the appeal raised a "substantial question" within the meaning of the Bail Reform Act of 1984, 18 U.S.C.A. §§ 3142, 3143. *See United States v. Giancola,* 754 F.2d 898 (11th Cir.1985). Bond was granted "in the amount of $150,000 personal surety bond collateralized by the same real property heretofore pledged by the Defendant's family *and* a corporate surety bond in the amount of $25,000."

Thereafter, defendant filed a pleading with 21 exhibits attached seeking to substitute different property in lieu of the property provided in the above order. In the meantime, Administrative Order 85–19 had been issued by the United States District court for the Southern District of Florida entitled POLICY STATEMENT REGARDING PROPERTY BONDS TO SECURE APPEARANCE OF DEFENDANTS. The essence of that Administrative Order is that it would not be the general policy of the court to routinely approve the use of real property to collateralize personal surety bonds absent "very extraordinary circumstances" that would make such a bond condition appropriate.

Apparently implementing that policy, the district court then held that "extraordinary circumstances" which might give rise to the exercise of the power to allow the personal surety bond to be collateralized by real property did not exist, if substitution of the properties and parties theretofore accepted by the court was required. The court, on July 31, 1985, denied the motion for substitution, but modified the conditions to permit a $100,000 corporate surety bond if the defendant could not post the bond originally provided.

On a motion for reconsideration of the order refusing to accept substitute property, the district court entered an order entitled REFERRAL TO MAGISTRATE dated August 26, 1985. Until the magistrate has filed her recommendation and the district court has made a final determination as to the conditions of bail for defendant Price, it would be premature for this Court to review any of the orders heretofore entered or entertain defendant's application to this Court for release.

In *United States v. James,* 674 F.2d 886 (11th Cir.1982), this Court was confronted

with an argument that a policy of the Northern District of Florida not to accept property bonds was contrary to the primary policy of the bail statute, 18 U.S.C. § 3146 (1976), which was superseded by the Bail Reform Act of 1984. The policy of both Acts is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant. We there stated that because of the clear purpose of the bail statute, "we would have difficulty with upholding the legality of denying or altering a property bond solely because of a stated policy against those bonds." 674 F.2d at 890. We held, however, that, although the district court there asserted the policy in its order, it was apparent that the court's primary concern was to assure the defendants' presence at trial, and upheld the bonds in that case. Thus we focused on the legality of the individual bail bonds rather than the underlying court policy.

In this case, whether the bail bond conditions as ultimately set by the district court will violate the bail bond statute, depends entirely upon how the district court interprets the policy and the "very extraordinary circumstances" provision as applied to this defendant. We do not assume at this time that the Administrative Order cannot be lawfully applied under the Bail Reform Act of 1984. Any assertion that the district court has acted improperly can be made after the district court has entered a final order on defendant's motion.

DENIED.