**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph B. MONTOYA,**
**Defendant–Appellant.**

**No. 90–10248.**

United States Court of Appeals,
Ninth Circuit.

July 9, 1990.

Before NELSON and REINHARDT, Circuit Judges.

**ORDER**

Former Senator Montoya's counsel correctly sets forth the standard by which we must determine whether bail pending appeal shall be granted. The only pertinent question here [1] is whether the appeal "raises a substantial question of law or fact likely to result in ... reversal". 18 U.S.C. § 3143(b). We have explained what is required for an appellant to prevail on that question in *United States v. Handy,* 761 F.2d 1279 (9th Cir.1985). As counsel correctly states:

> "The term 'substantial' defines the level of merit required in the question presented, and the phrase 'likely to result in reversal [or] an order for a new trial' defines the type of question that must be presented. *United States v. Handy,* 761 F.2d 1279, 1280 (9th Cir.1985)."

As counsel also correctly points out:

> "A 'substantial question' is one that is fairly debatable or fairly doubtful; it is one of more substance that would be necessary to a finding that it was not frivolous. *United States v. Handy, supra,* 761 F.2d at 1283; *D'Aquino v. United States,* 180 F.2d 271, 272 (11th Cir.1950)."

Our difficulty with appellant's request for bail lies in the application of the *Handy* rule to the issues on appeal—issues that counsel notes only summarily in the bail motion. In that motion, counsel states that "appellant intends to argue that the extortion and racketeering convictions were improper under *United States v. Aguon, supra,* 851 F.2d 1158 (9th Cir.1988) (*en banc*)." However, counsel does not tell us what the basis for the argument is. There is thus no way that we can evaluate whether the argument appellant intends to present is fairly debatable. Similarly, counsel tells us in the motion that "appellant intends to argue that the Government failed to prove the inducement element required by *Aguon,* a case which changed Ninth Circuit law and increased the Government's burden in prosecutions involving public officials." However, coun-

---

**1.** It is undisputed that the appellant is neither a flight risk nor a danger to the community.

sel fails to tell us in what respect the Government failed to prove that element and on what basis he draws that inference. Next, counsel states "appellant intends to argue that the acts charged as money laundering were not properly the subject of a prosecution under 18 U.S.C. § 1956." Again, counsel does not tell us why. Thus, with the second and third issues as with the first, we are in no position to determine whether the issues are "fairly debatable". We simply cannot evaluate the merits of arguments that have not been set forth. Without belaboring the record we must note that the cursory motion presented by counsel also identifies several evidentiary issues, but the level of generality of presentation with respect to each of those issues is at least as inadequate for our purpose as the vague presentations on the three issues discussed above.

In short, on the basis of the papers presented to us we are simply unable to determine whether former Senator Montoya has raised a "fairly debatable" issue on appeal.[2] As the moving party, it is his burden to do so. Accordingly we deny the motion without prejudice to renewal in the event that appellant believes he can demonstrate that the issues he intends to raise on appeal meet the standard set forth in *United States v. Handy*, 761 F.2d 1279 (9th Cir.1985).

MOTION DENIED WITHOUT PREJUDICE.

---

2. Prior to reaching our conclusion we reviewed not only the body of appellant's bail motion, but the exhibit attached to it which consists of the district court's Findings of Fact issued in connection with its denial of that motion below.

Unfortunately for appellant, the district court's order also does not adequately identify appellant's grounds for appeal, perhaps because appellant failed to set them forth adequately in that court as well.