UNITED STATES of America, Plaintiff,

v.

**Patrick Kelly SHORB, Defendant.**

**Nos. CR 92–40–RE, CR 92–368–RE.**

United States District Court,
D. Oregon.

Feb. 15, 1995.

Kristine Olson Rogers, U.S. Atty., D. of Oregon, Johnathan S. Haub, Kenneth C. Bauman, Asst. U.S. Attys., Portland, OR, for the U.S.

David T. McDonald, Cross & McDonald, Portland, OR, for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge:

On November 22, 1993, defendant Patrick Shorb was convicted of conspiracy to manufacture and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). He was sentenced to a 70–month term of imprisonment. The conviction is on appeal to the Ninth Circuit. Defendant requests that he be released pending the outcome of the appeal on the grounds that: (1) his conviction violated the Double Jeopardy Clause of the Fifth Amendment; and (2) the trial court miscalculated his offense level for purposes of sentencing. The government requests that the matter be stayed pending the Ninth Circuit's disposition of the petition for *en banc* review in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), or in the alternative, that the motion be denied.

For the following reasons, defendant's motion for release pending appeal is denied insofar as it concerns the double jeopardy issue.

## BACKGROUND

On February 20, 1992, the government filed a secret indictment charging defendant and others with conspiracy to manufacture and deliver marijuana in violation of 21 U.S.C. § 846.

On April 17, 1992, the government commenced civil *in rem* forfeiture proceedings against defendant's property located at 3233 S.E. Park Avenue in Milwaukie, Oregon. (Civil No. 92–474–BE). On April 23, 1992, the government initiated civil *in rem* forfeiture proceedings against defendant's property located at 24083 S. Ridge Road in Beavercreek, Oregon. (Civil No. 92–502–BE). In both cases, the government alleged that defendant had used, or intended to use, his properties to facilitate the commission of a violation of 21 U.S.C. § 801 *et seq.,* thereby rendering them forfeitable under 21 U.S.C. § 881(a)(7) and 19 U.S.C. § 1610.[1] In support of its warrants for arrest of the Milwaukie and Beavercreek properties, the government relied on the affidavits of Special Agent Andrew Karamanos of the IRS.

The government filed a superseding indictment against defendant on April 30, 1992. It alleged, *inter alia,* that defendant had engaged in the manufacture and distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), and that he had conspired with others to do so in violation of 21 U.S.C. § 846. The superseding indictment also contained four criminal forfeiture counts naming various pieces of real property, including the Milwaukie and Beavercreek properties.

On July 2, 1992, defendant executed quitclaim deeds relinquishing his interest in the seized properties. On October 23, 1992, the court entered a final judgment of forfeiture with regard to the Milwaukie property. On January 22, 1993, a final judgment of forfeiture was entered as to the Beavercreek property.

On November 16, 1992, before the second judgment of forfeiture was entered, defendant entered a plea of guilty to Count One (conspiracy) of the superseding indictment. At that time, the government filed a second criminal action, charging defendant by information with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Defendant

---

1. Various procedures applicable to civil forfeiture proceedings are codified at 19 U.S.C. §§ 1602–1619. Section 1610 requires that a report be transmitted to the United States Attorney following the seizure of certain property "for the institution of the proper proceedings for the condemnation of such property."

waived indictment and entered a plea of guilty.

On November 22, 1993, defendant was sentenced to 70 months' imprisonment on the charges to which he pleaded guilty on November 16, 1992. The sentences are to be served concurrently. Defendant's term of imprisonment commenced on May 11, 1994.

Defendant filed a notice of appeal in both criminal cases on December 2, 1993. The Ninth Circuit consolidated the appeals the following June. Briefing is ongoing and a hearing has not yet taken place. In his supplemental brief, filed in December 1994, defendant requests that his criminal convictions, as well as the second judgment of civil forfeiture, be vacated under the rationale of the *$405,089.23* case. Additionally, defendant argues that the district court miscalculated the actual weight of the harvested marijuana, thereby resulting in an enhanced offense level under the guidelines. These are the same arguments defendant raises in support of his motion for release.

Defendant states that he was permitted to remain on release status during the pendency of the criminal proceedings in this court, a period of more than two years. He further notes that he was allowed to remain on release during the five-month period between his sentencing and his reporting date, and that his suitability for release is reflected in the judgment.

## STANDARD

▮ Under 18 U.S.C. § 3143(b), the defendant has the burden of proof on a motion for release pending appeal. Section 3143(b) provides that the defendant must show: (1) by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include probation, or a reduced sentence of imprisonment less than the total time served plus the expected duration of the appeal process. A substantial question is one that is fairly debatable or doubtful, or one of more substance than merely not frivolous. *United States v. Montoya,* 908 F.2d 450, 450 (9th Cir.1990).

## DISCUSSION

▮ This case presents the issue whether the civil forfeiture and the criminal conviction were based on the same offense. Defendant's Milwaukie property was forfeited to the government on October 23, 1992. He entered his guilty pleas on November 16, 1992. Whether defendant has been subjected to double jeopardy, however, depends on a comparison of the forfeiture allegations and the criminal charges. If each offense contains an element not contained in the other, they cannot be considered the same offense for double jeopardy purposes. *United States v. Dixon,* — U.S. —, —, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (reinstating the "same elements" test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).[2] It is the responsibility of the district court to determine whether the offenses are, in substance, the same. *United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 495 (9th Cir.1994).

The government advances a number of reasons to support its view that the civil forfeiture proceedings and the convictions pertain to separate and distinct offenses.[3] It first makes the general observation that a

---

**2.** Under the *Blockburger* standard, where two or more statutory offenses require proof of different elements, the government may proceed with separate prosecutions without violating the prohibition against double jeopardy, even if the offenses involve the same set of facts. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. The Court's decision in *Dixon* signaled its abandonment of the transactional test announced in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Under the *Grady* approach, the government was precluded from instituting successive prosecutions against the same defendant based on the same underlying conduct, even if the prosecutions involved statutes containing different elements.

**3.** The government also raises the argument that defendant waived his right to assert a double jeopardy challenge by entering into a settlement in the forfeiture cases, and by pleading guilty to the criminal charges. Because I have rejected the same argument in other double jeopardy cases, I will not address it here.

criminal prosecution is concerned with the guilt or innocence of a person, the defendant, whereas a forfeiture proceeding is directed against property tainted by the defendant's illegal conduct. The guilt of the criminal defendant, the government argues, is not at issue in the forfeiture context.

Next, the government points out that the superseding indictment and information in this case contained charges of conspiracy and money laundering, proof of which were not relevant to the forfeiture cases. At the same time, the government's burden in the forfeiture cases required proof of a connection between the subject property and defendant's drug activities, an element not present in the prosecutions. Finally, the government argues that the criminal charges differed from the forfeiture allegations in that they required proof of scienter.

■ The government's first contention, that prosecutions concern people while forfeitures pertain to property, ignores Ninth Circuit precedent as established in *$405,089.23* and other cases. There are, certainly, fundamental differences between criminal prosecutions and civil forfeiture proceedings, including the nature of the government's evidentiary burden and the identity of the defendant. The Ninth Circuit panel was undoubtedly aware of those differences when it decided *$405,089.23*. Yet, under the government's rationale, concurrent civil and criminal proceedings against the same defendant could never be found to violate the Double Jeopardy Clause, even if they were to arise from the same facts and required substantially the same proof. The inherent differences between the two types of proceedings would, in the government's view, be sufficient to overcome any double jeopardy challenge. The Ninth Circuit has made clear that this is not the case.[4]

■ For similar reasons, I reject the government's assertion that criminal prosecutions and civil forfeitures must be regarded as separate species of offenses because criminal actions require proof of scienter. This argument, like the government's previous argument, is a generic one, potentially applicable to any situation in which the government has secured both a conviction and a judgment of forfeiture against the same defendant. As I have already stated, that position has been rejected by the Ninth Circuit. The fact that the two types of proceedings differ in their focus does not, without more, preclude a defendant from mounting a double jeopardy challenge where multiple punishments are imposed.

The government makes a more compelling point with its argument that the convictions and the forfeitures pertain to different offenses because the prosecutions involved charges of conspiracy and money laundering, while the forfeiture cases did not. With regard to both the Milwaukie and Beavercreek forfeitures, the government premised its case on defendant's alleged "violation of 21 U.S.C. § 801, *et seq.*, . . . as more particularly set forth in the affidavit of Special Agent Karamanos." The Karamanos affidavits, in turn, both contain statements to the effect that defendant conducted his marijuana business in collaboration with his co-defendants, Russell and Robin Pearson. Yet, Karamanos does not allege that the subject property was forfeitable based on its connection to a criminal conspiracy. Instead, as to both the Milwaukie and Beavercreek properties, Karamanos stated plainly that forfeiture was warranted based on defendant's violation of 21 U.S.C. § 841(a), which prohibits the manufacture or distribution of controlled substances.

With regard to money laundering activities, the Karamanos affidavits contain general references to defendant's use of property

---

4. In addition, another piece of the government's argument—that civil forfeiture proceedings do not involve an adjudication of the defendant's guilt—is not a precise statement of the law. This court has previously held that jeopardy cannot attach in a forfeiture proceeding absent some determination of culpability. *See United States v. Branum*, 872 F.Supp. 801 (D.Or.1994). The rule, stated simply, is that "without risk of a determination of guilt, jeopardy does not attach." *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir.1994) (citing *Serfass v. United States*, 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265 (1975)). As the law now stands, a criminal defendant who asserts a property claim in a forfeiture proceeding plainly does so under a threat of jeopardy. *See also, United States v. Barton*, 46 F.3d 51 (9th Cir.1995).

**1188**

transactions as a device to launder the revenue from his marijuana grow. However, in neither case does Karamanos allege that defendant's purchase of the subject property was part of a money laundering scheme. Indeed, the specific money laundering count to which defendant pleaded guilty concerned defendant's receipt of a personal check, payable to "Shorb Construction" and reflecting the proceeds of a marijuana sale. Real estate was not involved. What is more, defendant's violation of the money laundering statute, 18 U.S.C. § 1956(a)(1)(B)(i), falls outside the scope of the forfeiture complaints, which specifically cite defendant's violation of 21 U.S.C. § 801 *et seq.* as the basis of the forfeiture actions.

■ Based on the foregoing, this does not appear to be a case, like *$405,089.23*, where property was forfeited "because of its connection with the *very offenses* that resulted in criminal punishment." *$405,089.23*, 33 F.3d at 1215 (emphasis in original). Applying the *Blockburger/Dixon* test in strict fashion, I must conclude that each of defendant's convictions required proof of discrete, substantive elements not at issue in the civil forfeiture cases. If, in the context of the criminal proceedings in this case, the government had proven only the allegations in the Karamanos affidavits, it is uncertain whether it could have secured a conviction for conspiracy under 21 U.S.C. § 846, or one for money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). At the same time, the forfeiture cases required a showing that the Milwaukie and Beavercreek properties were implicated in defendant's misconduct, an element not at issue in the criminal cases. I am satisfied, therefore, that the conviction of defendant on charges of conspiracy and money laundering did not violate the constitutional prohibition against double jeopardy, even though the forfeiture of defendant's Milwaukie property came first.

■ Of course, the court recognizes that defendant could prevail on the double jeopardy issue at the appellate level. After all, there is no question that the Milwaukie and Beavercreek forfeitures were based generally on the same conduct addressed in the criminal cases. Under the circumstances, a Ninth Circuit panel might take the view that the first forfeiture and the criminal convictions constituted multiple punishments for the same offense. However, this is a long reach and unlikely.

## CONCLUSION

With respect to the issue of double jeopardy, defendant has not raised "a substantial question of law or fact likely to result in reversal." 18 U.S.C. § 3143(b). Accordingly, his motion for release pending appeal is denied on double jeopardy grounds. The remaining issues presented by defendant's motion will be referred back to the sentencing judge, Judge Redden, for decision.